# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 10, 2011

No. 10-50672
Summary Calendar

Lyle W. Cayce
Clerk

TORRANCE FLEMINGS,

Plaintiff-Appellant

v.

WARDEN FNU MARTON, Connally Unit; CORRECTIONAL OFFICER
AZENITH DAVIS, TDC Officer, Connally Unit; CORRECTIONAL OFFICER
FNU MARTINEZ, also known as Sleepy Martinez, TDC Officer, Connally Unit;
JOHN WHITMIRE, State Senator, Chief Director of State of Texas; DIRECTOR
RICK THALER,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:10-CV-347

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:*

Torrance Flemings, Texas prisoner # 1369010, has filed a motion to
proceed in forma pauperis (IFP) on appeal following dismissal of his 42 U.S.C.
§ 1983 complaint, in which challenged conditions at the Connally Unit over the
course of several years.  The district court dismissed the complaint pursuant to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-50672

28 U.S.C. § 1915(e)(2)(B) and § 1915A after determining that Flemings's complaint was frivolous, failed to state a claim upon which relief could be granted, or sought monetary relief from an immune defendant.

Flemings's motion for leave to proceed IFP is a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Flemings fails to provide argument that addresses the district court's rationale for dismissing his complaint and for determining that his appeal was not in good faith. *See* FED. R. APP. P. 28(a)(9). Although this court liberally construes the briefs of pro se appellants, arguments must be briefed to be preserved. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). By failing to adequately brief a challenge to the district court's determinations, Flemings has failed to demonstrate that his appeal is taken in good faith. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Flemings's appeal is without arguable merit and therefore is frivolous. *See Howard*, 707 F.2d at 219-20. Because the appeal is frivolous, it is dismissed. *See* 5th CIR. R. 42.2. Flemings has had two other IFP civil actions dismissed pursuant to § 1915(e)(2)(B). *See Flemings v. 282d Judicial District Court*, No. 3:10-CV-700-D (N.D. Tex. Oct. 28, 2010); *Flemings v. City of Dallas*, No. 3:10-CV-1188 (N.D. Tex. Oct. 7, 2010). Those two dismissals, as well as the district court's dismissal in this case and our dismissal of Flemings's appeal as frivolous all count as strikes under 28 U.S.C. § 1915(g). *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Accordingly, Flemings is now barred under § 1915(g) from proceeding IFP in any civil action or appeal filed

2

No. 10-50672

while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

IFP   DENIED;   APPEAL   DISMISSED;   28   U.S.C.   §   1915(g)   BAR IMPOSED.